No. 28,347.

P. A. PAN KRATZ and R. C. SYPHORD, *Appellants,* v. A. E. BOCH, D. F. GATES and I. G. AMEND, as County Commissioners of the County of Stafford, *Appellees.*

(268 Pac. 102.)

Opinion filed June 9, 1928.

*C. M. Williams, D. C. Martindell* and *W. D. P. Carey,* all of Hutchinson, for the appellants.

*William Davison, Robert Garvin, Evart Garvin, C. W. Slifer, Arthur R. Gates* and *Paul R. Nagle,* all of St. John, for the appellees.

The opinion of the court was delivered by

HOPKINS, J.: The action was one by certain taxpayers of Stafford county to enjoin the board of county commissioners from wrecking and removing the present courthouse preparatory to the building of a new one. The injunction was denied and plaintiffs appeal.

The facts are substantially these: The present courthouse of Stafford county has been in use for more than forty years and is in a very dilapidated condition. In 1925 a petition was circulated and filed, directed to the board of county commissioners, petitioning them to levy an annual tax for the purpose of building a new courthouse. The board acted upon and adopted the petition, and provided for the levying of taxes in accordance therewith, and taxes were collected for this purpose for the years 1925, 1926 and 1927, aggregating $87,073.68. In order to erect a new courthouse on the site occupied by the old one it was necessary to remove the old

building. This the defendants were proceeding to do when restrained by the bringing of the present action. On a trial of the issues the court found generally for the defendants and denied the injunction.

The plaintiffs appeal, contending that the present building has a value of more than five hundred dollars, and therefore cannot be sold or disposed of except by a unanimous vote of the commissioners (R. S. 19-211), and that inasmuch as one of the commissioners voted against the resolution to wreck and remove the building the board had no authority to proceed. While various other questions are argued at length in the briefs, we think the general finding of the trial court, which necessarily included a finding of the value of the building, determines the present controversy.

After the passage of the resolution to wreck and demolish the old building the board by a majority vote advertised for bids for that purpose, which were submitted—one for $1,487, another for $2,000, another for $4,250, another for $5,000, and one for $2,650. The plaintiffs say that "the evidence shows that the courthouse building was worth from two to five thousand dollars." It is true that there was testimony by witnesses for the plaintiff to that effect—one that "the value of the building as it stands for the purposes for which it was constructed is $5,000; that the salvage in case it was wrecked would be $2,089." This witness, however, testified: "I haven't figured on what it would cost to tear down the building. It would probably cost $2,089." That is to say, this witness testified that the salvage in the building would amount to the cost of tearing it down. Another witness testified: "I figured it would be worth somewhere around two thousand dollars. I did not take into consideration the expense of tearing down the building. I couldn't say what it was worth after paying that expense." In connection with this testimony the following allegations of the defendant's answer are to be taken into consideration for the reason that the plaintiffs admitted that every statement of fact set up in the defendant's answer is true:

"Thirteenth: That the present courthouse is inadequate to accommodate the county officers of Stafford county, Kansas, and the officers required by law to be kept in said courthouse, and the county is and for a long time heretofore has been renting and maintaining offices outside of said courthouse for the accommodation of some of its officers.

"That the present courthouse is constructed of soft brick and the roof thereof is in need of repair, and much of the plaster is loose and in many places

has fallen; that the walls are cracked and the floors are badly worn, so that in mopping the floors on the second story, care is required to prevent the mop water from running through the floor and into the offices below; and the keystones of the main entrances have become loosened and dislodged to the extent that the county commissioners have heretofore been required and did reset the same; that the keystone of the arch of one of the windows on the north side and on the second floor became loose and fell from its position to the sidewalk below where it was broken, and the county commissioners were required to and did replace the same with a new stone; and the keystone on the east main entrance and from the arch of said entrance fell from its position to the step below, and the county commissioners were required to and did reset the same. That said building is leaning and is out of plumb and that there is now a space of —— inches between the main building and the vault, which was constructed in 1909, and a crack extends from the bottom of said building to the top thereof, the said crack being wider at the top than at the bottom; that birds have built nests in the crack in the walls of said building. That said building because of its condition and age and the material of which it is constructed is in danger of collapse from strong wind and is in danger of collapse from the weight of crowds which may attend the trial of cases in the court room, thereby endangering the lives of the county officers and the people who may be within said building.

"That said building is not fireproof and is a fire hazard; that the interior of said building is constructed of lumber and wood and plaster, and is old and dilapidated; that the stairway leading from the court room and the offices on the second floor is of wood, and people leaving the second floor of the court room leave it about the center of the building on the first floor, making it dangerous to the occupants of said second floor and to the people who may attend court in said court room, in the event a fire should start in said building, thereby jeopardizing the life and limbs of all said persons. That there is no other exit from the second floor except the said stairway. That the vaults in said present building are inadequate to house the records of said county."

A further recital of the evidence is not necessary. We are of opinion it was ample to support the finding of the trial court. This conclusion renders unnecessary a discussion of other interesting questions ably presented in the briefs.

The judgment is affirmed.